James A. Frieden, Esq.
SBN # 73983
(Local Counsel)
**LAW OFFICES OF JAMES A. FRIEDEN**
1717 Fourth Street, 3rd Floor
Santa Monica, CA 90401-3319
Telephone: (310) 917-1940
Facsimile: (866) 653-0684
Email: jfrieden@teachwithmovies.com
(Admitted to Central District)

Frederick H. Nelson, Esq.
Florida Bar No. 0990523
(Lead Trial Counsel)
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
Email: Rick@ali-usa.org
(pending admission *pro hac vice*)

Attorneys for Plaintiffs VEGAN OUTREACH, INC., and MS. NIKKI BENOIT

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

# CV10 6525 ◀ GW JCG

|  |  |
|---|---|
| VEGAN OUTREACH, INC., a Delaware non-profit corporation, MS. NIKKI BENOIT, as an individual and as an employee of VEGAN OUTREACH, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant. | Case No: _____ <br><br> **PLAINTIFFS' VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, DECLARATORY JUDGMENT, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **1. VIOLATION OF FREEDOM OF SPEECH AND EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION;** <br><br> **2. VIOLATION OF FREEDOM OF SPEECH AND EQUAL PROTECTION UNDER THE CALIFORNIA CONSTITUTION;** <br><br> **3. INJUNCTIVE, DECLARATORY RELIEF AND DAMAGES.** |

## NATURE OF THE CASE

1. This action to vindicate and protect the constitutional and civil rights of Plaintiffs, VEGAN OUTREACH, INC., and MS. NIKKI BENOIT (hereinafter "Plaintiffs"), arises from written policies, customs and practices adopted and enforced by the LOS ANGELES COMMUNITY COLLEGE DISTRICT (hereinafter "Defendant"), who repeatedly threatened Plaintiffs with the loss of constitutional rights and did take assertive steps to cause Plaintiffs to lose their constitutional rights thereby impeding Plaintiffs' ability to lawfully exercise their free speech rights through the process of distributing literature and expressing their speech on public property owned and/or regulated by the LOS ANGELES COMMUNITY COLLEGE DISTRICT.

2. Plaintiffs seek Declaratory and Injunctive Relief enjoining Defendant and Defendant's agents, servants and employees and those acting in active concert and with actual notice thereof, from enforcing Defendant's Los Angeles Community College Policy Article IX, Freedom of Speech (*see* attached Exhibit A) and associated policies, customs and practices (hereinafter "Policies"), promulgated, implemented and enforced by Defendant, and applied against Plaintiffs on several occasions, on the grounds that the Policies complained of herein are unconstitutional as written (a facial challenge) by prohibiting Plaintiffs from exercising their free speech rights.

3. Plaintiffs pray for Declaratory Judgment to determine the parties' rights and/or obligations regarding the alleged violations of Plaintiffs' constitutional freedoms and civil rights. Plaintiffs further request Declaratory Judgment to determine the constitutionality of the Policies (facial challenge) and of Defendant's actions (as applied challenge) by enforcing the challenged Policies thereby denying Plaintiffs the opportunity to exercise their free speech rights and to declare the Defendant's Policies unconstitutional on their face and by application.

4. Plaintiffs pray for injunctive relief to prevent Defendant from engaging in unlawful activities to impede Plaintiffs' ability to lawfully exercise their free speech rights in the

---

future thereby protecting Plaintiffs and others.  Plaintiffs pray for damages because Defendant violated clearly established law, was knowledgeable of the constitutional and civil rights being violated, or reasonably should have known the Policies violated Plaintiffs' constitutional and civil rights, but acted against Plaintiffs' rights despite this knowledge.  An award of such damages is directly and proximately related to Defendant's violations of Plaintiffs' rights. An actual controversy exists between the parties involving substantial constitutional and civil rights issues because Defendant's Policies and enforcement actions violated Plaintiffs' constitutional and civil rights and these violations are continuing in nature until this Court enjoins the unlawful impediment of Plaintiffs' ability to peacefully and lawfully exercise their free speech rights.

5. An actual controversy exists between the parties involving substantial constitutional issues in that the Defendant's Policies (facial challenge) and enforcement (as applied challenge) violate the Plaintiffs' free speech and equal protection rights guaranteed under the First and Fourteenth Amendments to the United States Constitution, and Article 1, §§ 2 and 7, of the California Constitution.

## JURISDICTION AND VENUE

6. Plaintiffs bring this civil rights action pursuant to 42 U.S.C. § 1983 due to deprivations of Plaintiffs' rights secured by the United States Constitution and the California Constitution.

7. This Court is authorized to grant Plaintiffs' prayer for relief and to award Plaintiffs' costs in this action for violations of Plaintiffs' constitutional and civil rights, including reasonable attorney's fees, expenses and costs under Title 42 U.S.C. § 1988, and taxable costs under Title 28 U.S.C. § 1920.

8. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause

---

1    of action arises under the Constitution and laws of the United States. This Court has

2    jurisdiction over the pendant state law claims pursuant to Title 28 U.S.C. § 1367(a).

3  9.  This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment

4    Act, Title 28 U.S.C. §§ 2201 and 2202 (1988), implemented through Rule 57 of the

5    Federal Rules of Civil Procedure, and to issue injunctive relief under Rule 65 of the

6    Federal Rules of Civil Procedure.

7  10.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant is

8    located in the Central District of California and may be found and served in the Central

9    District of California. Venue is proper for the additional reasons that at all times

10    mentioned herein the events took place within the Central District of California.

11
### PARTIES

12  11.  Plaintiff VEGAN OUTREACH, INC., is, and was at all times relevant to this cause, a

13    Delaware not-for-profit corporation with offices located in Paradise, and Oakland,

14    California, and in Tucson, Arizona.

15  12.  Plaintiff NIKKI BENOIT is, and was at all times relevant to this cause, an employee of

16    VEGAN OUTREACH, INC., and an individual and resident of Sierra Madre, California.

17  13.  Defendant, LOS ANGELES COMMUNITY COLLEGE DISTRICT (hereinafter

18    "LACCD"), is a public body corporate and politic established, organized, and authorized

19    pursuant to California Statutes, with the authority to sue and be sued, and was at all times

20    relevant herein, acting within the course and scope of its authority and under color of

21    State law.

22
### FACTUAL BACKGROUND AND COMMON ALLEGATIONS

23  14.  Plaintiffs hold sincere beliefs compelling them to share their message with other persons.

24  15.  Plaintiffs accomplish their free speech purposes and expression through the distribution

25    of free literature and the expression of their views on public property.

26  16.  On information and belief, the LACCD, under color of State law, enacted, adopted and

27    enforced the Policies, customs and practices of unconstitutionally regulating literature

28

1  distribution in LACCD public places, including, but not limited to, Los Angeles Pierce

2  College Campus, Los Angeles Valley College Campus, Los Angeles City College

3  Campus, East Los Angeles College Campus, West Los Angeles College Campus, and Los

4  Angeles Southwest College Campus, all located within the jurisdiction of this Court.

5  17.  On information and belief, the Defendant has enforced the unconstitutional Policies,

6  customs and practices on several occasions against Plaintiffs and others thereby

7  prohibiting Plaintiffs and other citizens from peacefully distributing literature in violation

8  of the First and Fourteenth Amendments to the United States Constitution, and Article 1,

9  §§ 2 and 7, of the California Constitution.

10  **ATTEMPTS TO RESOLVE ISSUES WITHOUT LITIGATION**

11  18.  In July 2010, NIKKI BENOIT appeared on the Defendant's East Los Angeles College

12  Campus for the purpose of peacefully distributing literature.

13  19.  In July 2010, security officers demanded NIKKI BENOIT comply with the Defendant's

14  Policies prior to distributing literature.

15  20.  Defendant's Policies require any employees and/or volunteers of VEGAN OUTREACH,

16  INC., including NIKKI BENOIT, and/or others not deemed to be Defendant's students,

17  faculty or staff, to remain confined in a "free speech area" before being allowed to

18  distribute any literature.  *See* attached Exhibit A.

19  21.  Defendant's Policies do not require Defendant's students, faculty or staff to remain

20  confined in a "free speech area" before being allowed to distribute literature.  *See*

21  attached Exhibit A.

22  22.  Defendant's Policies state that the "free speech area" will be created on each campus at

23  the discretion of each LACCD college campus president.  *See* attached Exhibit A.

24  23.  Defendant's Policies state that the LACCD college campuses' "free speech area" may be

25  removed and reverted to a "non-public forum."  *See* attached Exhibit A.

26  24.  Defendant's Policies require any employees and/or volunteers of VEGAN OUTREACH,

27  INC., including NIKKI BENOIT, retrieve and remove any materials they have distributed

28

Plaintiffs' Verified Complaint - Page 5

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

1     that others may have discarded (other than in appropriate receptacle) in or around the

2     "free speech area" prior to leaving the "free speech area." *See* attached Exhibit A.

3   25.   After reviewing the Defendant's Policies, NIKKI BENOIT attempted to comply by

4     moving to the designated "free speech area" to distribute literature, but after an hour she

5     only distributed a very small percentage of her materials. NIKKI BENOIT then forfeited

6     her free speech rights and left the campus.

7   26.   On July 14, 2010, Plaintiffs' counsel called Defendant's counsel, Mr. Eric Kim, Assistant

8     General Counsel, to discuss Defendant's Policies in the hope of avoiding this litigation.

9   27.   On July 16, 2010, Plaintiffs' counsel sent a letter to Defendant's counsel, Mr. Eric Kim,

10     explaining that Defendant's Policies appeared to violate Plaintiffs' free speech rights and

11     provided case citations to assist in efficiently finding the status of the law regarding

12     literature distribution. *See* attached Exhibit B. Plaintiffs' counsel's letter stated in part:

> As you know from our discussion earlier this week, our organization represents
> Ms. Nikki Benoit with Vegan Outreach. Ms. Benoit recently attempted to
> distribute free literature at East Los Angeles College – part of the Los Angeles
> Community College District. She was informed that a policy requires that she
> remain confined to a "free speech" area at all times. In addition, Ms. Benoit was
> informed that students have greater free speech freedoms and are allowed to
> distribute literature at other areas on the East Los Angeles College Campus.

> We have also researched and reviewed the Policy your office forwarded to us
> titled ARTICLE IX. The written Policy confirms the restrictions noted above. In
> addition, the written Policy states that "The colleges of the Los Angeles
> Community College District are non-public forums, except for those portions of
> each college designated as Free Speech Areas are hereby designated as limited
> public forums, which designation may be removed and reverted to non-public
> forum designation by the Board of Trustees." Our analysis of the law clearly
> reveals that the Policy – requiring that our client remain in a "free speech" area
> and then especially granting greater freedoms to students, faculty and staff –
> violates civil rights.

> At upcoming dates and into the future beyond that, Ms. Benoit intends to
> distribute literature at East Los Angeles College and other campuses part of the
> Los Angeles Community College District. In order to create a cooperative

---

Plaintiffs' Verified Complaint - Page 6

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

relationship between your office and ours, we request that you review the current status of the law and contact us to establish a meeting. The goal of our meeting is to obtain a memorandum of understanding regarding literature distribution at East Los Angeles College and other campuses part of the Los Angeles Community College District. The following memorandum details the legal basis for our position. Please review the material below and contact our office to establish a meeting. If we do not receive a response from your office before July 23, 2010, we will understand that your office does not desire to communicate with us.

*See* attached Exhibit B.

28. On July 23, 2010, Defendant's counsel, Mr. Eric Kim, provided a written response to Plaintiffs' counsel's letter. Defendant's counsel's letter stated: "The Office of General Counsel for the Los Angeles Community College District (the "District") received your letter dated July 16, 2010. Without addressing each and every one of your points, the District respectfully disagrees and does not intend to pursue revisions to its Board Rules at this time." *See* attached Exhibit C.

29. Defendant's actions and omissions of continuing to demand compliance with Defendant's Policies before distributing any literature at any LACCD campus exhibit deliberate indifference to the constitutional and civil rights of Plaintiffs and other persons seeking to peacefully distribute literature.

30. Classes resume for LACCD campuses on August 30, 2010, and as of this date, employees and/or volunteers of VEGAN OUTREACH, INC., including NIKKI BENOIT, are still unsure of their ability to distribute literature in a lawful manner on LACCD campuses.

31. On numerous dates in September 2010, NIKKI BENOIT desires to engage in free speech activities in a lawful manner on LACCD campuses including the peaceful distribution of free literature, but she is currently chilled and in fear of exercising her free speech activity and is currently forfeiting her constitutional rights for fear of future enforcement of Defendant's Policies. On the following dates in September 2010, NIKKI BENOIT has a concrete and specific desire to engage in her free speech activities in a lawful manner on LACCD campuses.

1                Los Angeles Pierce - 9/15/10
2                Los Angeles Valley - 9/15/10
                   Los Angeles City - 8/31/10
3                East Los Angeles - 9/2/10
4                West Los Angeles - 9/13/10
                   Los Angeles Southwest - 9/1/10
5

32. In addition to the above specific dates, NIKKI BENOIT desires to engage in free speech activities in a lawful manner on LACCD campuses including the peaceful distribution of free literature in dates following September 2010, but she is currently chilled and in fear of exercising her free speech activity and is currently forfeiting her constitutional rights for fear of future enforcement of Defendant's Policies.

33. The locations on LACCD campuses where NIKKI BENOIT desires to engage in free speech activities are fully able and available to accommodate NIKKI BENOIT's free speech activities because the areas are already open to the general public and are not incompatible with free speech activities.

## GENERAL ALLEGATIONS

34. Defendant has adopted and enforced Policies, customs and practices, applied and enforced under color of State law, that violate Plaintiffs' free speech rights.

35. Defendant's counsel, Mr. Eric Kim, Assistant General Counsel and Defendant's General Counsel's Office, ("Defendant's counsel") have oversight of LACCD agents, officials, and the LACCD Police Department and its officers. Defendant's counsel have the authority and duty to research the current status of the law regarding free speech activities on LACCD campuses and recommend policies to eliminate the constitutional violations alleged herein. Defendant's counsel were informed of the current status of the law regarding free speech activities on LACCD campuses and afforded the opportunity to eliminate the constitutional violations, but refused and decided to take no action to avoid or prevent the constitutional violations alleged herein. The incidents described herein reveal Defendant's and Defendant's counsel acts and omissions deprived, and continue to

persistently deprive, Plaintiffs of their free speech rights under the First and Fourteenth Amendments to the United States Constitution and the California Constitution. Defendant's and Defendant's counsel knew, or should have known, that Defendant's Policies are unlawful and unconstitutional.

36. Defendant, Defendant's counsel and Defendant's agents and employees acted without reasonable cause and without due care in adopting and enforcing Defendant's Policies, and in refusing to take action to avoid or prevent the constitutional violations alleged herein, thereby causing Plaintiffs to forfeit their free speech rights in the past and cause the future chilling of Plaintiffs' free speech rights.

37. As a direct and proximate result of Defendant's, Defendant's counsel's and Defendant's agents' and employees' actions and omissions, NIKKI BENOIT suffered humiliation, embarrassment, discomfort, mental anguish, fear, and anxiety.

38. Defendant's, Defendant's counsel's and Defendant's agents' and employees' actions and omissions were performed with oppression, and/or callous and/or deliberate indifference, and/or a conscious disregard of Plaintiffs' rights, so as to justify an award of compensatory and/or nominal damages.

39. Defendant, Defendant's counsel and Defendant's agents and employees had a duty at all times to implement and enforce policies and procedures to adequately supervise and adequately train their agents, officials, and police officers so as to prevent the constitutional violations alleged herein.

40. Defendant, Defendant's counsel and Defendant's agents and employees, have failed to implement and enforce policies and procedures to adequately supervise and adequately train their agents, officials, and police officers so as to prevent the constitutional violations alleged herein.

41. Defendant's, Defendant's counsel's and Defendant's agents' and employees' actions and omissions regarding their failure to adequately train their agents, officials, and police officers so as to prevent the constitutional violations alleged herein exhibit deliberate



1   indifference to the constitutional and civil rights of persons seeking to peacefully

2   distribute literature.

3   42.   Defendant's  Policies, customs and practices, applied and enforced under color of State

4         law and under LACCD Policies, were the moving force behind Defendant's, Defendant's

5         counsel's and Defendant's agents' and employees' actions.

6   43.   Defendant's Policies, customs and practices operate to unconstitutionally limit, ban and

7         censor free speech rights.

8   44.   Defendant's Policies, customs and practices fail the narrowly tailored standard.

9   45.   Defendant's Policies, customs and practices act as an unconstitutional "manner"

10        restriction on free speech rights.

11  46.   Defendant's Policies, customs and practices act as an unconstitutional "place" restriction

12        on free speech rights.

13  47.   Defendant's Policies, customs and practices act to unconstitutionally grant greater free

14        speech rights to Defendant's students, faculty and staff, than to others, including Plaintiffs

15        VEGAN OUTREACH, INC., and NIKKI BENOIT.

16  48.   Defendant's Policies, customs and practices have placed Plaintiffs in fear if they

17        distribute literature and express their views while on the Defendant's college campuses.

18  49.   Defendant's Policies, customs and practices ban a substantial amount of speech rights

19        that are protected by the United States and California Constitutions.

20  50.   Defendant's Policies, customs and practices prohibit more speech than is necessary to

21        accomplish any substantial governmental interest sought to be served by Defendant.

22  51.   The violations of Plaintiffs' constitutional and civil rights alleged herein have caused, and

23        will continue to cause, Plaintiffs to suffer extreme hardship, actual and impending,

24        irreparable injury and damage.

25  52.   Plaintiffs currently suffer from the denial of rights guaranteed by the United States and

26        California Constitutions, because of Defendant's actions taken under color of State law

27        pursuant to Defendant's Policies, customs, practices, and omissions as interpreted and

28

1    applied against Plaintiffs.

2  53.  The future chilling of Plaintiffs' rights is an absolute certainty until this Court grants the

3       injunctive and declaratory relief requested herein.

4  54.  Plaintiffs are in fear and their free speech rights are currently chilled thereby causing them

5       to withdraw and withhold the exercise of their constitutional rights by distributing

6       literature and speaking with the public on the Defendant's college campuses.

7  55.  Defendant, Defendant's counsel and Defendant's agents and employees, had personal

8       knowledge of the events described herein.

9  56.  Defendant, Defendant's counsel and Defendant's agents and employees, did, with the

10      purpose and intent of willfully, knowingly and with callous and/or deliberate indifference,

11      deprive Plaintiffs of rights protected by the United States and California Constitutions.

12  57.  Because it is well settled law that non-disruptive literature distribution and speaking with

13      the public is a form of peaceful free speech protected by the United States and California

14      Constitutions, any reasonable person would know, or should have known, that the

15      Plaintiffs' literature distribution and free speech activities were within their constitutional

16      rights.

17  58.  Because it is well settled law that non-disruptive literature distribution and speaking with

18      the public is a form of peaceful free speech protected by the United States and California

19      Constitutions, Defendant, Defendant's counsel and Defendant's agents and employees,

20      would know, or should have known, that the Plaintiffs' literature distribution activities

21      were within their constitutional rights.

22  59.  Because it is well settled law that non-disruptive literature distribution and speaking with

23      the public is a form of peaceful free speech protected by the United States and California

24      Constitutions, Defendant, Defendant's counsel and Defendant's agents and employees,

25      through a policy, practice, and custom of deliberate indifference and/or callous disregard

26      for Plaintiffs' rights, failed to properly and/or adequately train and/or supervise

27      Defendant's agents and employees which was a direct and proximate cause of the

28

---

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

1    violation of Plaintiffs' rights.

2    60.   Because it is well settled law that Defendant's students, faculty and staff cannot be

3          granted greater free speech rights, than to others, including Plaintiffs VEGAN

4          OUTREACH, INC., and NIKKI BENOIT. Defendant, Defendant's counsel and

5          Defendant's agents and employees, would know, or should have known, that the

6          Plaintiffs' literature distribution activities could not be unconstitutionally impaired.

7    61.   As a direct and proximate result of Defendant's, Defendant's counsel's and Defendant's

8          agents' and employees' violations of Plaintiffs' rights, Defendant is liable to Plaintiffs for

9          damages.

10   62.   As a direct and proximate cause of Defendant's, Defendant's counsel's and Defendant's

11         agents' and employees' violations of Plaintiffs' rights, Defendant is liable to Plaintiffs for

12         attorney's fees and costs incurred in representing Plaintiffs in this action.

13   63.   Defendant's Policies, practices, and/or customs were a motivating factor for Defendant's,

14         Defendant's counsel's and Defendant's agents' and employees' conduct toward Plaintiffs

15         and such Policies, practices and/or customs were the moving force of Defendant's,

16         Defendant's counsel's and Defendant's agents' and employees' conduct and actions

17         toward Plaintiffs.

18   64.   Plaintiffs have complied with all conditions precedent before filing this Complaint.

19                                        **COUNT I**

20                  **VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH**

21                          **AND EQUAL PROTECTION UNDER**

22                         **THE UNITED STATES CONSTITUTION**

23   65.   Plaintiffs hereby incorporate paragraphs 1 through 64 as if set forth fully herein, and

24         reallege each paragraph by this reference.

25   66.   Plaintiffs' right to freedom of speech is protected under the First Amendment to the

26         United States Constitution.

27   67.   Plaintiffs' free speech rights are protected from arbitrary discrimination under the Equal

28

---

Protection Clause of the Fourteenth Amendment to the United States Constitution.

68. Defendants' Policies, customs and practices substantially burden Plaintiffs' constitutional rights as written and by application of the Policies in an arbitrary and capricious manner.

69. Defendant, Defendant's counsel and Defendant's agents and employees intentionally, willfully and knowingly discriminated against Plaintiffs and deprived Plaintiffs of equal protection of the law.

70. Defendant's Policies, customs and practices are unconstitutional abridgments of Plaintiffs' affirmative right to freedom of speech and equal protection protected by the First and Fourteenth Amendments to the United States Constitution.

71. Defendant's Policies, customs and practices serve as an unconstitutional restraint on free speech.

72. Defendant's Policies, customs and practices are not the exercise of a permissible time, place, and manner restriction.

73. Defendant's Policies, customs and practices are unconstitutionally overbroad restrictions on expressive activity.

74. Defendant's Policies, customs and practices burden more speech than necessary.

75. Defendant's Policies, customs and practices do not leave open ample alternative channels of communication.

76. Defendant's Policies, customs and practices unconstitutionally chill and abridge the right of Plaintiffs to express their speech which rights are guaranteed under the First and Fourteenth Amendments to the United States Constitution.

77. The violations of Plaintiffs' constitutional rights have caused, and will continue to cause, Plaintiffs to suffer hardship and actual and impending irreparable injury.

78. Plaintiffs have no adequate remedy at law at this time to correct the continuing deprivations of their most cherished constitutional liberties.

Plaintiffs' Verified Complaint - Page 13

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

## COUNT II

### VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH
### AND EQUAL PROTECTION UNDER
### THE CALIFORNIA CONSTITUTION

79. Plaintiffs hereby reincorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 78.

80. Plaintiffs' peaceful speech activities are protected under Article 1, § 2, of the California Constitution.

81. Plaintiffs' free speech rights are protected from arbitrary discrimination under the Equal Protection Clause of Article 1, § 7, of the California Constitution.

82. Defendants' Policies, customs and practices substantially burden Plaintiffs' constitutional rights as written and by application of the Policies in an arbitrary and capricious manner.

83. Defendant, Defendant's counsel and Defendant's agents and employees intentionally, willfully and knowingly discriminated against Plaintiffs and deprived Plaintiffs of equal protection of the law.

84. Defendant's Policies, customs and practices are unconstitutional abridgments of Plaintiffs' affirmative right to freedom of speech and equal protection protected under Article 1, §§ 2 and 7, of the California Constitution.

85. Defendant's Policies, customs and practices serve as an unconstitutional restraint on free speech.

86. Defendant's Policies, customs and practices are not the exercise of a permissible time, place, and manner restriction.

87. Defendant's Policies, customs and practices are unconstitutionally overbroad restrictions on expressive activity.

88. Defendant's Policies, customs and practices burden more speech than necessary.

89. Defendant's Policies, customs and practices do not leave open ample alternative channels of communication.

---

Plaintiffs' Verified Complaint - Page 14

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

90. Defendant's Policies, customs and practices unconstitutionally chill and abridge the right of Plaintiffs to express their speech which rights are guaranteed under Article 1, §§ 2 and 7, of the California Constitution.

91. The violations of Plaintiffs' constitutional rights have caused, and will continue to cause, Plaintiffs to suffer hardship and actual and impending irreparable injury.

92. Plaintiffs have no adequate remedy at law at this time to correct the continuing deprivations of their most cherished constitutional liberties.

## COUNT III

### TEMPORARY RESTRAINING ORDER,

### PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

93. Plaintiffs hereby reincorporate and adopt each and every allegation in the preceding paragraphs numbered 1 through 92.

94. Defendant has adopted Policies and have engaged in practices, customs, acts and omissions under color of State law hostile to Plaintiffs' rights protected under the United States Constitution and the California Constitution.

95. Plaintiffs have a concrete desire to continue engaging in the distribution of free literature and the expression of their views on the Defendant's campuses.

96. There is a substantial likelihood that Plaintiffs will prevail on the merits in this case.

97. The threat of prior restraint under and through the Defendant's Policies, customs and practices is both great and immediate with Plaintiffs forfeiting their constitutional freedoms each day that passes without injunctive relief.

98. The harm to Plaintiffs outweighs any subjective harm to the Defendant.

99. The public interest is benefitted when constitutional and civil rights are protected by the Courts.

100. Plaintiffs have no adequate remedy at law at this time to correct the continuing deprivations of their most cherished constitutional liberties.

101. Plaintiffs wish to continue distributing literature and expressing their free speech rights

---

1   on the Defendant's campuses, and have a specific and concrete intent to continue
2   engaging in this activity as they have in the past, but they are fearful of Defendant's future
3   adverse actions against Plaintiffs for exercising their protected constitutional and civil
4   rights.

5   102.   The threat of Defendant's future adverse actions against Plaintiffs, as evidenced by the
6          prior application and interpretation against Plaintiffs, is both great and immediate.

7   103.   Plaintiffs are fearful Defendant will attempt to interfere with Plaintiffs' exercise and
8          enjoyment of their rights in the future through intimidation, coercion, threat of arrest and
9          incarceration.

10  104.   Unless restrained and enjoined by this Court, Defendant will continue to enforce
11         Defendant's Policies, customs and practices and prevent Plaintiffs from exercising their
12         constitutional rights.

13                                        **COUNT IV**

14                                   **DECLARATORY RELIEF**

15  105.   Plaintiffs hereby reincorporate and adopt each and every allegation in the preceding
16         paragraphs numbered 1 through 104.

17  106.   An actual controversy has arisen between Plaintiffs and Defendant in that Plaintiffs
18         contend that, as a direct and proximate result of Defendant's Policies, customs, practices,
19         conduct and actions, they have been harmed in that Defendant's Policies, customs,
20         practices, conduct and actions, are hostile to a reasonable interpretation of the law as it
21         pertains to the right to free speech and literature distribution and that Defendant's
22         Policies, customs, practices, conduct and actions, violate the United States and California
23         Constitutions.

24  107.   Defendant has adopted Policies and refused to redact or withdraw from enforcement of
25         Defendant's Policies and have engaged in practices, customs, acts and omissions under
26         color of State law that are hostile to Plaintiffs' rights protected under the United States
27         Constitution and the California Constitution.

28

---

Plaintiffs' Verified Complaint - Page 16

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

108.    Plaintiffs wish to continue distributing literature and expressing their free speech rights on the Defendant's campuses, and have a specific and concrete intent to continue engaging in this activity as they have in the past, but they are fearful of Defendant's future adverse actions against Plaintiffs for exercising their protected constitutional and civil rights.

109.    Plaintiffs desire a judicial determination of the rights and duties of the respective parties under the United States and California Constitutions, and a judicial declaration that Plaintiffs' distribution of literature and expression of speech on the Defendant's college campuses, is protected by the United States and California Constitutions, and Defendant's Policies, customs, practices, conduct and actions, are unconstitutional.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.    That this Court issue a Temporary Restraining Order and preliminary and permanent injunctions restraining and enjoining Defendant, its agents, employees, representatives, and all persons acting in concert, or participating with them, from enforcing the "place" restriction currently limiting literature distribution to only the "free speech areas" on each LACCD College Campus thereby allowing Plaintiffs to distribute literature and converse with the public in the public areas on each LACCD College Campus; and, the "manner" restriction currently requiring Plaintiffs to retrieve and remove any materials they have distributed that others may have discarded (other than in appropriate receptacle) in or around the "free speech area" prior to leaving the "free speech area"; and,

2.    For a declaration that Defendant's Policies, customs and practices, and past actions violate the United States and California Constitutions; and,

3.    For a declaration that Plaintiffs' and/or Plaintiffs' employees', agents' and volunteers' activity of peacefully distributing literature and expressing their free speech rights in the public areas on the Defendant's campuses are protected by the

---

1      United States and California Constitutions; and,

2    4.   For reasonable attorneys' fees, costs and expenses pursuant to Title 42 U.S.C. §

3      1988, and taxable costs pursuant to Title 28 U.S.C. § 1920; and,

4    5.   For general damages, in an amount to be proven, and/or for nominal damages;

5      and,

6    6.   For such other and further relief as the Court may deem just and proper.

7                **DEMAND FOR JURY TRIAL**

8      Plaintiffs request a trial by jury of all issues so triable.

9

10    Respectfully submitted this 30th day of August, 2010.

11

12  s/James A. Frieden

13  James A. Frieden, Esq.                 Frederick H. Nelson, Esq.
     SBN # 73983                     Florida Bar No. 0990523
14  (Local Counsel)                   (Lead Trial Counsel)
15  LAW OFFICES OF JAMES A. FRIEDEN     AMERICAN LIBERTIES INSTITUTE
     1717 Fourth Street, 3rd Floor          P.O. Box 547503
16  Santa Monica, CA 90401-3319         Orlando, FL 32854-7503
17  Telephone: (310) 917-1940           Telephone: (407) 786-7007
     Facsimile: (866) 653-0684            Facsimile: (877) 786-3573
18  Email: jfrieden@teachwithmovies.com    Email: Rick@ali-usa.org
19  (Admitted to Central District)          (pending admission *pro hac vice* )

20

21

22

23

24

25

26

27

28

.

1 | **VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY**

2 | Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of

3 | the United States of America, that the foregoing factual statements are true and correct.

4 | Executed this ___ day of August, 2010.

5 |

6 | _____

7 | VEGAN OUTREACH, INC.

8 | By: Jack Norris, President

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |
_____
Plaintiffs' Verified Complaint - Page 19

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

1    **VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY**

2        Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of

3    the United States of America, that the foregoing factual statements are true and correct.

4    Executed this 30th day of August, 2010.

5

6                                   _____

7                                   NIKKI BENOIT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

—————————————————————————————————————————

Plaintiffs' Verified Complaint - Page 20

Case No: _____ Vegan Outreach, et al. v. Los Angeles Community College District

# EXHIBIT A

## ARTICLE IX

## FREEDOM OF SPEECH

9901.    COLLEGES AS NON-PUBLIC FORUMS.  The colleges of the Los Angeles
         Community College District are non-public forums, except for those portions of
         each college designated as Free Speech Areas are hereby designated as limited
         public forums, which designation may be removed and reverted to non-public
         forum designation by the Board of Trustees.

Adopted    04-20-89

9902.    FREE SPEECH AREAS.  The college president shall designate an area or areas on
         the college campus as areas for free discussion and expression by all persons.  A
         Free Speech Area may only be located where there is a normal flow of student
         traffic with unlimited accessibility.  Necessary campus rules governing the
         operation of such areas shall govern only the time, place and manner in which said
         areas are to be used.  All such rules shall be applied equally and fairly to all
         persons desiring to use the Free Speech Areas.  No restrictions shall be placed on
         subject matter, topics or viewpoints expressed in Free Speech Areas.

         EC  76120

Adopted    04-20-89

Historical Note:  Former Board Rule 91103, enacted 3-15-72, repealed 4-20-89.

9902.10      Responsibilities of Persons Using Free Speech Areas.  All persons using the Free Speech Area of a college are expected to monitor the content of their speech such that the expression (1) is not obscene, libelous or slanderous according to current legal standards, (2) does not create a clear and present danger of the commission of unlawful acts on community college premises, (3) is not violative of lawful community college regulations, or (4) does not substantially disrupt the orderly operation of the college.  Any person who is found to have expressed speech in violation of this section may be subject to the sanctions applicable respectively to students, staff, faculty or visitors.

          EC    76120

Adopted      04-20-89

Historical Note:  Former Board Rule 91107, enacted 3-15-72, repealed 4-20-89.

9902.11      Distribution of Materials.  Persons using a Free Speech Area shall be allowed to distribute petitions, circulars, leaflets, newspapers, miscellaneous printed matter and other materials, subject to the following restrictions:

      a.     Such distribution shall take place only within the geographical limits of the Free Speech Area;

      b.     Any material being distributed which is discarded or dropped in or around the Free Speech Area other than in an appropriate receptacle must be retrieved and removed or properly discarded by those persons distributing the material prior to their departure from the Free Speech Area that day;

Adopted      04-20-89

Historical Note:  Former Board Rule 91106.10, enacted 3-15-72, repealed 4-20-89.

      c.      Persons distributing material shall not impede the progress of passersby, nor shall they force or coerce passersby into taking the proffered material.

Adopted      04-20-89

Historical Note: Former Board Rule 91106.10, enacted 3-15-72, repealed 4-20-89.

9902.12      Forms of Speech. Persons using a Free Speech Area shall be entitled to exercise their speech privileges in any manner which does not violate the rules of conduct set forth in Article VIII or in this Article, including but not limited to the use of printed materials and the wearing of buttons, badges or other insignia, except that:

      a.      No means of amplification may be used, electronic or otherwise, which creates any noise or diversion that disturbs or tends to disturb the orderly conduct of the campus or classes taking place at the time.;

      b.      No person using the Free Speech Area shall physically touch, strike or impede the progress of passersby, except for incidental or accidental contact, or initiation of such contact by a passerby;

      c.      No person using the Free Speech Area shall solicit donations of money, through direct requests for funds, sales of tickets or otherwise, except where he/she is using the Free Speech Area on behalf of and collecting funds for an organization which is registered with the secretary of state as a nonprofit corporation, or is an approved Associated Student Organization or Club.

      EC    7612

Adopted      04-20-89

IX - 32             9902.12

9902.13     <u>Time Allotments for Speech</u>. The president of each college or his/her representative may set reasonable time restrictions on the use of Free Speech Areas, in order to ensure that all persons are given equal access to the use of the Free Speech Area. The times at which the Free Speech Area may be used shall be subject to reasonable campus regulations.

Adopted     04-20-89

9903.     <u>STUDENT EXERCISE OF FREE SPEECH IN AREAS OUTSIDE OF DESIGNATED FREE SPEECH AREA</u>. The president of each college may designate areas outside of the Free Speech Areas where students, faculty and staff may exercise freedom of expression subject only to reasonable time, place and manner restrictions.

Adopted     04-20-89

9903.10     <u>Bulletin Boards</u>. Students shall be provided with bulletin boards for use in posting student materials at campus locations convenient for student use. The location and number of such bulletin boards shall be determined by the college president or his/her representative.

Each college may have bulletin boards. The use of the bulletin boards shall be open to use only by students or recognized student organizations and shall be based on a first-come, first-served basis.

Posting of materials on bulletin boards shall be subject to the limitations concerning the manner of exercising students' rights of free expression in Free Speech Areas pursuant to Section 9902.10.

All materials displayed shall clearly indicate the author or agency responsible for its production and shall be dated with the date of posting by the College president's designee.

Adopted     04-20-89

Historical Note: Former Board Rule 91106.12, enacted 3-15-72, repealed 4-20-89.

The president of each college shall prescribe reasonable lengths of time during which such printed material may be posted on the bulletin boards with the object of assuring fair access to the bulletin boards for all students.

Adopted      04-20-89

Historical Note: Former Board Rule 91106.12, enacted 3-15-72, repealed 4-20-89.

9903.11      Posting Areas. The president of each college, or his/her representative, may designate areas other than the bulletin boards for display of materials.

Adopted      04-20-89

Historical Note: Former Board Rule 91106.13, enacted 3-15-72, repealed 4-20-89.

9904.      STUDENT USE OF AREAS NOT DESIGNATED FOR FREE SPEECH ACTIVITIES. Student use of classrooms, rooms, buildings, facilities and grounds not designated as Free Speech Areas or otherwise designated for student free speech exercises in accordance with this article shall be governed by the rules and regulations established pursuant to Article X, relating to student activities and events.

Adopted      04-20-89

9905.      VISITOR USE OF AREAS NOT DESIGNATED FOR FREE SPEECH ACTIVITIES. Visitor use of any areas, classrooms, rooms, buildings, facilities and grounds not designated as Free Speech Areas is subject to the Civic Center Permit rules set forth in Chapter VII, Article 2 of these Board Rules.

Adopted      04-20-89

# EXHIBIT B



# AMERICAN LIBERTIES INSTITUTE

P.O. BOX 547503
ORLANDO, FLORIDA 32854-7503
Phone (407) 786-7007
Fax (877) 786-3573

July 16, 2010

ELECTRONIC MAIL ONLY
KimE@email.laccd.edu

Mr. Eric Kim, Esq.
Assistant General Counsel

      RE:   *Free speech activity at East Los Angeles College*

Mr. Kim:

As you know from our discussion earlier this week, our organization represents Ms. Nikki Benoit with Vegan Outreach. Ms. Benoit recently attempted to distribute free literature at East Los Angeles College – part of the Los Angeles Community College District. She was informed that a policy requires that she remain confined to a "free speech" area at all times. In addition, Ms. Benoit was informed that students have greater free speech freedoms and are allowed to distribute literature at other areas on the East Los Angeles College Campus.

We have also researched and reviewed the Policy your office forwarded to us titled ARTICLE IX. The written Policy confirms the restrictions noted above. In addition, the written Policy states that "The colleges of the Los Angeles Community College District are non-public forums, except for those portions of each college designated as Free Speech Areas are hereby designated as limited public forums, which designation may be removed and reverted to non-public forum designation by the Board of Trustees." Our analysis of the law clearly reveals that the Policy – requiring that our client remain in a "free speech" area and then especially granting greater freedoms to students, faculty and staff – violates civil rights.

At upcoming dates and into the future beyond that, Ms. Benoit intends to distribute literature at East Los Angeles College and other campuses part of the Los Angeles Community College District. In order to create a cooperative relationship between your office and ours, we request that you review the current status of the law and contact us to establish a meeting. The goal of our meeting is to obtain a memorandum of understanding regarding literature distribution

at East Los Angeles College and other campuses part of the Los Angeles Community College District. The following memorandum details the legal basis for our position. Please review the material below and contact our office to establish a meeting. If we do not receive a response from your office before July 23, 2010, we will understand that your office does not desire to communicate with us.

## I. SUMMARY OF THE LAW UNDER CALIFORNIA FREE SPEECH CLAUSE.

### A. California Clause More Expansive the Federal Clause.

Article I, Section 2, Subdivision(a) of the California Constitution states: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." Unlike the United States Constitution, which couches the right to free speech as a limit on congressional power (see U.S. Const. 1st Amend.),the California Constitution gives "[e]very person" an affirmative right to free speech (Cal. Const. Article I, Section 2, subdivision (a)). Accordingly, California Courts have held that the California free speech clause is "more definitive and inclusive than the First Amendment...." *Wilson v. Superior Court,* 13 Cal.3d 652, 658, 119 Cal.Rptr. 468, 532 P.2d 116 (1975). *See also Dailey v. Superior Court,* 112 Cal. 94, 97-98, 44 P. 458 (1896) [the liberty of speech clause "is the broader, and gives ... greater liberty" than the First Amendment]; *Griset v. Fair Political Practices Comm.* 8 Cal.4th 851, 866, 35 Cal.Rptr.2d 659, 884 P.2d 116, fn. 5 (1994) ["As a general matter, the liberty of speech clause in the California Constitution is more protective of speech than its federal counterpart."]; *Spiritual Psychic Science Church v. City of Azusa,* 39 Cal.3d 501, 519, 217 Cal.Rptr. 225, 703 P.2d 1119 (1985) [liberty of speech clause is "'more definitive and inclusive than the First Amendment'"]; *People v. Glaze,* 27 Cal.3d 841, 844, fn. 2, 166 Cal.Rptr. 859, 614 P.2d 291 (1980) [same]. *See generally Robins v. Pruneyard Shopping Center,* 23 Cal.3d 899, 908, 153 Cal.Rptr. 854, 592 P.2d 341 (1979); *see also San Diego Unified Port Dist. v. U.S. Citizens Patrol,* 63 Cal.App.4th 964, 970, 74 Cal.Rptr.2d 364 (1998); *Allred v. Shawley,* 232 Cal.App.3d 1489, 1496, 284 Cal.Rptr. 140 (1991); *Gonzales v. Superior Court,* 180 Cal.App.3d 1116, 1123, 226 Cal.Rptr. 164 (1986); *Prisoners Union v. Department of Corrections,* 135 Cal.App.3d 930, 938, 185 Cal.Rptr. 634 (1982); *Los Angeles Alliance for Survival v. City of Los Angeles,* 22 Cal.4th 352, 93 Cal.Rptr.2d 1, 993 P.2d 334, 341 (2000).

### B. California Compatibility Test

In *Carreras v. City of Anaheim,* 768 F.2d 1039 (9th Cir. 1985), the Ninth Circuit applied a "compatibility" test, rather than the traditional fora analysis used by the Supreme Court for First Amendment free speech claims, when determining the nature of the Stadium's parking lots and exterior walkways. Under the California Constitution, the test of whether a given facility constitutes a public forum is not whether the property involved is maintained primarily as a forum for First Amendment activities, but whether the use of the facility as a public forum interferes with its primary use. *See In re Hoffman,* 67 Cal. 2d 845, 64 Cal. Rptr. 97, 434 P.2d 353 (1967).

The public forum doctrine is not limited to traditional forums such as streets, sidewalks, and parks or to sites dedicated to communicative activity such as municipal theaters. Rather, the test is whether the communicative activity is basically incompatible with the normal activity of a particular place at a particular time. (*See Carreras*, where the court held that a mere annoyance does not establish incompatibility, since annoyance and inconvenience are a small price to pay for preservation of our most cherished right). A resolution prohibiting First Amendment activities in the central terminal area of a municipal airport is unconstitutional on its face. *See Board of Airport Com'rs of City of Los Angeles v. Jews for Jesus, Inc.*, 482 U.S. 569, 107 S. Ct. 2568, 96 L. Ed. 2d 500 (1987).

As in the areas involved in Carreras, "the public is free to come and go" in the parking lots, streets, sidewalks and walkways in and around the East Los Angeles College. Also, the purposes of the locations are very similar – the facilitation of parking and the free flow of pedestrian and vehicular traffic. Further, non-commercial distribution of literature (or non-commercial speech activity in general) is not a threat to East Los Angeles College' purposes, nor is it in any other respect more than a mere annoyance to the East Los Angeles College. "Annoyance and inconvenience, however, are a small price to pay for preservation of our most cherished right." *Wirta v. Alameda-Contra Costa Transit Dist.*, 68 Cal.2d 51, 64 Cal.Rptr. 430, 434 P.2d 982, 989 (1967).

The Ninth Circuit in *Kuba v. 1-A Agricultural Ass'n*, 387 F.3d 850, 854-860 (9th Cir. 2004), held that the government could not restrict leafletters to certain "zones" outside of Cow Palace rodeo events which were not near the entrances. The government's interests in traffic and pedestrian safety was not significantly implicated by the few protestors, the limitation was not narrowly tailored to help, and the zones did not allow demonstrators adequate access to patrons of the Palace by which to allow engaging in conversation or handing out leaflets.

Finally, the following Policy mandate is unconstitutional: "Any material being distributed which is discarded or dropped in or around the Free Speech Area other than in an appropriate receptacle must be retrieved and removed or properly discarded by those persons distributing the material prior to their departure from the Free Speech Area that day." *See Schneider v. State*, 308 U.S. 147, 162 (1939).

## III. CONCLUSION

The Policy appears to be an invalid restriction on free speech. Please contact our office before the close of business on July 23, 2010, to establish a meeting. If we do not receive a response, we will understand that your office does not desire to communicate with us.

Thank you for your anticipated cooperation.

Sincerely,

s/Frederick H. Nelson
Frederick H. Nelson, Esq.

FHN:sen

# EXHIBIT C

OFFICE OF GENERAL COUNSEL

CAMILLE A. GOULET
*General Counsel*

KEVIN D. JETER
*Associate General Counsel*

ANNE L. DIGA
*Associate General Counsel*

ERIC C. KIM
*Assistant General Counsel*



LOS ANGELES COMMUNITY COLLEGES
770 Wilshire Boulevard
Los Angeles, California 90017
(213) 891-2188 · Fax (213) 891-2138

July 23, 2010

## VIA U.S. MAIL AND ELECTRONIC MAIL TO: rick@ali-usa.org

Frederick H. Nelson, Esq.
American Liberties Institute
P.O. Box 547503
Orlando, FL 32854-7503

       Re:    Free speech activity at East Los Angeles College

Dear Mr. Nelson:

       The Office of General Counsel for the Los Angeles Community College District (the "District") received your letter dated July 16, 2010. Without addressing each and every one of your points, the District respectfully disagrees and does not intend to pursue revisions to its Board Rules at this time.

                              Sincerely,

                              Eric C. Kim
                              Assistant General Counsel

ECK/s